# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, ex rel. KENNETH CONNER, | ) ) | |
| Plaintiff, | ) | |
| | ) | 11-cv-4458 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| PETHINAIDU VELUCHAMY, et al. | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kenneth J. Conner ("Conner"), filed this *qui tam* action on June 30, 2011, alleging that the defendants Pethinaidu Veluchamy, Parameswari Veluchamy, Arun Veluchamy, Anu Veluchamy, the Veluchamy Family Foundation, James Roth, Ronald Tucek, Patrick McCarthy, James Regas, Amrish Mahajan, James Murphy, John Benik, Thomas Pacocha, Ric Barth, Adams Valuation Corporation ("AV Corp."), and Douglas Adams violated the federal False Claims Act ("FCA" or "the Act") by misrepresenting the quality of Mutual Bank's collateral on real estate loans to the Federal Deposit Insurance Corporation ("FDIC"). Pending before the Court are three motions to dismiss. For the following reasons, McCarthy and Tucek's joint motion to dismiss is granted without prejudice. Defendant Regas' motion to dismiss is also granted without prejudice. All remaining motions to dismiss are denied in their entirety.

**Background**

Conner was employed by Mutual Bank (the "Bank") from August 2000 until October 2007. In 2005, Conner was transferred to Mutual Bank's headquarters in Harvey, Illinois. After his transfer, Conner's job responsibilities included reviewing appraisals of properties that had secured loans on commercial real estate. While working at the Harvey headquarters, Conner

1

personally reviewed about seventy-five appraisals for commercial real estate loans which he alleges were inflated. Conner alleges that despite his repeated attempts to inform Mutual Bank managers that the appraisals being submitted for approval were overvalued, the Bank's employees and managers ignored him and told him to approve the appraisals anyway. Specifically, Conner alleges that he reviewed an inflated appraisal for a property located in Orlando, Florida that was valued to be worth approximately twenty-two million dollars when the property was actually worth about twelve million dollars. Similarly, Conner also cites to two other properties located in Evansville, Indiana and Mount Olive, New Jersey that were overvalued. Conner contends that despite his attempts to inform Mutual Bank managers of the overvalued appraisals, the Bank employees and managers insisted upon using the overvalued appraisals in their Call Reports and disclosures to the FDIC for determining their deposit insurance assessments.

Under the FCA, an individual acting as a relator can bring a civil *qui tam* action on behalf of the United States against a defendant who knowingly submits a false claim for payment to the federal government. *See* 31 U.S.C. § 3729(a)(1)(A); *see also United States v. Rush Univ. Med. Ctr.*, 680 F.3d 933, 934 (7th Cir. 2012). A relator may also bring a claim if a defendant intentionally avoids an obligation to pay the government. Under the FCA, a "reverse false claim" is a false statement used not to obtain payments from the government, but to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government. *See United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 835 (7th Cir. 2011) (citing 31 U.S.C. § 3729(a)(7)).[1] The defendants are a collection of Mutual Bank employees, managers, Board members, outside directors, and the appraisal company. Conner alleges that the defendants engaged in a scheme to defraud the FDIC by misrepresenting the loan-to-value ratios for real estate lending and submitting fraudulent Call Reports based on overvalued appraisals.

The defendants now move to dismiss the relator's complaint for (1) lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (3) failure to plead with the requisite particularity required under Fed. R. Civ. P. 9(b). The defendants are represented by four separate sets of attorneys. With the exception of all the Veluchamy and Mahajan defendants, the remaining defendants all move to

---

[1] Pursuant to a May 20, 2009 amendment, §3729(a)(7) was recodified as §3729(a)(1)(G). Pub. L. 111-21, 123 Stat 1617.

dismiss Conner's complaint for essentially the same reasons.  Accordingly, Defendants McCarthy and Tucek jointly move for dismissal [Dkt., 74]; Defendants AV Corp and Adams jointly move for dismissal [Dkt. 72]; and Defendants Benik, Pacocha, Murphy, Barth, and Regas together move for dismissal [Dkt. 78].  Defendant Mahajan filed his answer to the complaint on February 13, 2013 [Dkt. 35].

**Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction.  Rule 12(b)(1) motions are premised on either facial or factual attacks on jurisdiction.  *Simonian v. Oreck Corp.*, No. 10 C 1224, 2010 U.S. Dist. LEXIS 86832, at *3-4 (N.D. Ill. Aug. 23, 2010).  The court may look beyond the jurisdictional allegations in the complaint if the defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction.  *Id*.  The plaintiff must then put forth "competent proof" that the court has subject matter jurisdiction.  *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).

To survive a Rule 12(b)(6) motion to dismiss, the claim must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  Additionally, factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming all of the allegations in the complaint are true.  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555).

Allegations of fraud must also satisfy the heightened pleading requirements of Rule 9(b).  Fed. R. Civ. P. 9(b).  FCA claims are subject to the heightened pleading requirements of Rule 9(b), which requires that all averments of fraud or mistake, the circumstances constituting fraud or mistake be stated with particularity.  *See U.S. ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005); *see also* Fed. R. Civ. P. 9(b).

**Discussion**

    1.  *Rule12(b)(6) and Rule 9(b)*

The defendants argue that Conner's complaint should be dismissed for failure to state a claim and for failure to plead with the specificity required pursuant to Rule 12(b)(6) and Rule 9(b). A complaint satisfies Rule 9(b) when it alleges "the who, what, when, where, and how" the first paragraph of a newspaper story. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Rule 9(b), read in conjunction with Rule 8, requires that the plaintiff plead "the time, place and contents" of the purported fraud. *United States ex rel. Munoz v. Computer Sys. Ins.*, No. 11-cv-7899, 2013 U.S. Dist. LEXIS 153400, at *9-10 (N.D. Ill. Oct. 25, 2013).

Here, Conner alleges that defendants AV Corp. and Adams engaged in a scheme with the Bank to defraud the FDIC by knowingly submitting inflated appraisals to be used in Call Reports used to calculate loan assessments by the FDIC. Conner provides specific examples of alleged inflated appraisals submitted by the Adams defendants and asserts that despite his warnings, the Bank proceeded to use these appraisals in the creation of reports to the FDIC. Conner avers that he informed his supervisor Murphy and the Bank vice presidents that the appraisals were overvalued. Conner also claims that at one point Murphy told him that his job was to approve appraisals not to challenge AV Corp.'s conclusions. Conner also claims that Murphy told him that the Veluchamy Board members did not need him to inform them if the appraisals were overvalued because they were already aware.[2]

Rule 9(b) requires a plaintiff to plead with particularity only those circumstances intrinsic to any fraud-based claim. *See Midwest Commerce Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 524 (7th Cir. 1993). The Seventh Circuit has indicated that such circumstances include "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Wade v. Hopper*, 993 F.2d 1246, 1250 (7th Cir. 1993). Here, Conner sufficiently alleges that AV Corp. and Adams engaged in a scheme with the Bank to defraud the FDIC by knowingly submitting inflated appraisals to be used by the Bank in Call Reports intended to conceal material information from the FDIC so that the Bank would pay lower loan assessments. Conner adequately alleges that the appraisal company, the Bank management, and the Bank Board members knowingly used overvalued appraisals to create reports resulting in lower deposit insurance assessments between 2005 and the Bank's closing in 2009. However, with regards to

---

[2] There are four Veluchamy Board Members that are defendants in this case: Pethinaidu Veluchamy, Parameswari Veluchamy, Arun Veluchamy, and Anu Veluchamy.

the outside director defendants Regas, McCarthy and Tucek, Conner provides no details as to their role in the scheme whatsoever. Conner fails to assert how they contributed to or knew of any alleged plan to defraud the FDIC. Conner does not refute that as outside directors Regas, McCarthy and Tucek were not involved in the day to day operations of the Bank and proffers no allegations as to their role. Accordingly, Conner's claims against the outside director defendants Regas, McCarthy and Tucek are dismissed without prejudice. Conner's claims as to the remaining defendants may proceed and the remaining defendants' motions to dismiss are denied.

   2. *Public Disclosure Bar*

The defendants also move to dismiss plaintiff's claims pursuant to the public disclosure bar. *Qui tam* actions are subject to a jurisdictional bar when a relator's action is "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing . . . or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). Courts conduct a three-step inquiry to determine whether the public disclosure bar prevents hearing a *qui tam* suit under the FCA. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). First, the court "examines whether the relator's allegations have been 'publicly disclosed.' If so, [the court] next asks whether the lawsuit is 'based upon' those publicly disclosed allegations. If it is, the court must determine whether the relator is an 'original source' of the information upon which his lawsuit is based." *Id*.

For purposes of § 3730(e)(4), "a 'public disclosure' occurs when 'the critical elements exposing the transaction as fraudulent are placed in the public domain.'" *Glaser*, 570 F.3d at 913 (citing *United States ex rel. Feingold v. AdminaStar Fed., Inc.,* 324 F.3d 492, 495 (7th Cir. 2003)). A public disclosure "bring[s] to the attention of the relevant authority that there has been a false claim against the government." *Feingold*, 324 F.3d at 495. Here, the defendants argue that Conner's claims were publicly disclosed in a Material Loss Review issued by the FDIC's Office of Inspector General upon Mutual Bank's failure and the FDIC's appointment as receiver for the Bank. Upon examination of the Material Loss Review this Court finds that the report does not publicly disclose the critical elements of Conner's fraud claims. Nowhere in the report does the FDIC's Office of the Inspector General state that the appraisal company, the Bank's

Board or the Bank's employees improperly exercised their duties in order to knowingly defraud the FDIC.

The Material Loss Review states that Mutual Bank failed to provide the necessary oversight to effectively manage the risks associated with an aggressive growth strategy and that the Bank had poor loan underwriting and credit administration. The report also states that Mutual Bank's failure was due to excessive and inappropriate use of interest reserves and that bank examiners were concerned with the appraisal company used by the Bank and the lack of objectivity and diversification of appraisal work in general. The findings contained in the Material Loss Review assert, at best, that Mutual Bank was perhaps negligent in its operations or that the Bank engaged in unsafe or inefficient practices. Unsafe practices however do not necessarily reveal that such practices were intentionally deceitful or intended to defraud the government. *See United States v. Warden*, 635 F.3d 866, 867-868 (7th Cir. 2011) (noting that there is a difference between errors caused by negligence rather than fraud). Conner's allegation is not based on public reports; it is based on Conner's personal knowledge of the defendants' practices. Specifically, Conner alleges that he repeatedly informed the Bank that property appraisals submitted by Defendants Adams and AV Corp. were significantly overvalued, but that he was told by the Bank's managers that the Board wanted to approve overvalued property appraisals nonetheless.

The defendants also allege that Conner's claims were disclosed in a 2008 state court case in which Conner alleged retaliatory discharge claims against the Bank. Upon review of the state court complaint, this Court finds that the state Court complaint does not reveal the essential elements of the alleged fraud in this case. Although the state court complaint referenced Conner's attempts to inform Mutual Bank managers of the overvaluation of appraisals, it does not make any allegations as to a scheme by Mutual Bank to defraud the FDIC and receive lower insurance assessments. The state court complaint reveals at most that Conner attempted to sue the Bank because he believed he was terminated because he reported to the Bank's Human Resources Department his concerns over what he thought were overvalued appraisals. Accordingly, because both the 2008 state court case and the Material Loss Review do not reveal the critical elements exposing the alleged transaction as fraudulent and because Conner's suit is based on his own knowledge rather than the published report, Conner's claims are not barred pursuant to the public disclosure bar.

**Conclusion**

The relator's claims against outside directors Regas, McCarthy and Tucek are dismissed without prejudice.  All motions to dismiss concerning the remaining defendants are denied.
IT IS SO ORDERED.

Date: January 3, 2014

                                                   Sharon Johnson Coleman
                                                   United States District Judge