```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION

THE UNITED STATES OF AMERICA, et rel.  ) No. 11 C 4458
KENNETH CONNER,                        )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )
                                       )
PETHINAIDU VELUCHAMY, et al.,          ) February 9, 2015
                                       ) Chicago, Illinois
                                       ) 9:00 a.m.
                    Defendants.        ) Status Hearing

              TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

For the Plaintiff:      HALEY & BILHEIMER
(Telephonically)        505 Coyote Street
                        Suite A
                        Nevada City, California  95959
                        BY:  MR. ALLAN S. HALEY
                             MR. JOHN G. BILHEIMER

For Defendant Tucek:    TRESSLER SODERSTROM MALONEY &
                        PRIESS, LLP
                        233 North Wacker Drive
                        22nd Floor
                        Chicago, Illinois  60606-6399
                        BY:  MR. JOHN P. MANIATIS




          TRACEY DANA McCULLOUGH, CSR, RPR
                Official Court Reporter
             219 South Dearborn Street
                     Room 1426
              Chicago, Illinois  60604
                   (312) 435-5570
```

```
 1  APPEARANCES CONTINUED:

 2
    For Defendants Barth,      KATTEN & TEMPLE, LLP
 3  Benik, Murphy Pachoa,      542 South Dearborn Street
    and Regas:                 Suite 610
 4                             Chicago, Illinois  60605
                               BY:  MS. NANCY ANNE TEMPLE
 5

 6  For the Adams              FRANKLIN LAW GROUP
    Defendants:                181 Waukegan Road
 7                             Suite 205
                               Northfield, Illinois  60093
 8                             BY:  MR. CRAIG M. CAPILLA

 9
    For Defendant              TRIBLER ORPETT & MEYER, P.C.
10  McCarthy:                  225 West Washington Street
                               Suite 1300
11                             Chicago, Illinois  60606
                               BY:  MR. SHOMSHON MOSKOWITZ
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1             THE CLERK:  11 C 4458, Conner versus Veluchamy.
2             THE COURT:  Start here in court.
3             MR. MANIATIS:  Good morning, Your Honor.  John
4    Maniatis on behalf of defendant Tucek.
5             MS. TEMPLE:  Nancy Temple on behalf of defendants
6    Benik, Barth, Murphy, Pachoa, Mahajan, and Regas.
7             MR. CAPILLA:  Good morning, Your Honor.  Craig
8    Capilla on behalf of the Adams defendants.
9             MR. MOSKOWITZ:  Good morning, Your Honor.  Shomshon
10   Moskowitz on behalf of McCarthy.
11            THE COURT:  All right.  By phone, please.
12            MR. HALEY:  By phone Allan Haley and John Bilheimer.
13            THE COURT:  For the?
14            MR. HALEY:  For the plaintiff.
15            THE COURT:  All right.  Thank you very much.  This is
16   the first date we've had for status after Judge Cole's order
17   and recommendation about extending the case.  I'm not going to
18   let you reargue it here in front of me.  Suffice it to say,
19   that the defense is not in favor of his ruling, is that
20   correct, Counsel?
21            MS. TEMPLE:  That's correct, Judge.
22            THE COURT:  The Court has reviewed the order and the
23   recommendation.  The Court knows the history of the case.  The
24   Court also knows that -- knows Judge Cole's experience here,
25   and the Court has read the well thought out order.  And the

1  Court agrees with him, reluctantly agrees that the case -- the
2  dates should be extended as he has set forth.  And for the
3  plaintiffs, you know, the Court -- admonishing someone who's
4  not present is not very productive for the Court.  But as far
5  as this Court is concerned, it won't matter if it's Judge Cole
6  or any of the other judges, this Court's not extending this
7  schedule.  Does the plaintiff understand?
8           MR. HALEY:  Yes, we do understand that.
9           THE COURT:  All right.  And --
10          MS. TEMPLE:  Your Honor.
11          THE COURT:  Yes.
12          MS. TEMPLE:  May I, may I suggest something and add
13 to the record.
14          THE COURT:  Sure.
15          MS. TEMPLE:  The defendants had -- the plaintiff had
16 set forth three grounds as a basis for extending, as you may be
17 aware.  One -- the first one is the FDIC documents.  And since
18 Judge Cole did issue his order on February 3rd last week, the
19 plaintiffs provided to us the third set of documents produced
20 to them by the FDIC.  They have now received documents in
21 December and two productions -- one production in January and
22 this third one from last week.  Each time in response to their
23 subpoena issued and in response to search terms, electronic
24 search terms and electronic database that the plaintiffs
25 themselves reviewed or provided to the FDIC and approved.

1        So the other development since we saw Judge Cole and
2  he issued his order is you may recall that we had reported to
3  the Court that in December plaintiff's counsel had issued
4  deposition notices for all defendants to occur the week of
5  February 2nd, last week.  And we accommodated that request, and
6  the defendants had set aside that time so the plaintiff's
7  counsel could come to Chicago one week to take those
8  depositions.  And then on January 27th after Judge Cole issued
9  his order, the plaintiffs unilaterally canceled those
10 depositions and declined to proceed.
11       If they're allowed additional time in discovery, we'd
12 like the discovery to be limited to whatever has been noticed
13 prior to the February 10 cutoff.  We don't think it's
14 appropriate for them to continue on a fishing expedition.  They
15 had suggested on the phone on January 27th, Mr. Haley suggested
16 that he wants to take a bunch of depositions of a number of
17 different witnesses.  That's the first we've heard about that.
18 They've had ample time to notice up or mention particular
19 witnesses that they might want to depose before the February 10
20 cutoff.
21       I also understand that the FDIC will be filing a
22 motion.  Their counsel told me last week that they intend to
23 file a motion before Magistrate Judge Cole saying they've
24 already produced enough documents, and they aren't interested
25 in producing anything more, or something to that effect.

1      THE COURT:  And they have filed that motion or they
2  will be?
3      MS. TEMPLE:  No, they have not filed it.  They
4  represented to me last week that they had just been retained, a
5  law firm in Chicago has been retained to represent the FDIC in
6  this matter.  It's the law firm Ungaretti & Harris that just
7  merged.  It's now called Nixon Peabody.  And they have been
8  representing the FDIC in the directors and officers case before
9  Judge Kendall for a few years.  But the partner, the lead
10 partner there told me last week that he'd be filing the motion
11 last week.  It hasn't been filed as of now.  But that was what
12 he said the FDIC's position is.
13     So we'd like to limit the additional extension to
14 complete the discovery that's been noticed to date for those
15 reasons.
16     THE COURT:  Anyone else here in court want to add in
17 or join in?  All right.
18     MR. MOSKOWITZ:  No.  Miss Temple has said it all.
19     THE COURT:  All right.  Counsel by phone.
20     MR. HALEY:  Yes, Your Honor.  Counsel has not quite
21 told you the complete story.  When we put -- we put the
22 depositions over.  We didn't cancel them.  We agreed on a date
23 at the end of April for all depositions, and I heard no
24 opposition from any attorneys on the phone at the time to
25 taking the depositions at that time.  That obviously makes

1  sense given the fact that the documents at the time we moved
2  the dates of the depositions had not all been produced.  And
3  now the FDIC has said it has produced all the documents that it
4  has in response to our request.
5          MS. TEMPLE:  Judge, we did object on that telephone
6  call.  I told Mr. Haley that he was canceling the depositions
7  at his own risk, and that our clients were available for
8  deposition.  They already had thousands of pages from the FDIC.
9          THE COURT:  All right.  And you know what, and
10 forgive me for interrupting.  But the reason I'm going to is,
11 once again I wasn't there.  I wasn't part of this.  That's why
12 it has to go in front of Judge Cole, who I'm sure if you all
13 went down there today, if this is a glitch that needs -- is
14 time sensitive, he will try to work you in.  We'll make a call.
15 But it's, it's -- you know, for me to have the plaintiffs by
16 phone, have you in court, you all are talking about something
17 that did not happen in front of me or within my earshot, places
18 me in a difficult position.  And I do not want to undermine my
19 colleague who has done so much work on this and came up with
20 this scheduling order.
21         So the Court notes your request, but it really should
22 go in front of Judge Cole.  Would you like me to try to see if
23 he can hear you today on this?  If you wait just a second,
24 we'll make a phone call.
25         MS. TEMPLE:  I have a meeting.  I have a deposition

1  actually.  I need to leave, but --
2              THE COURT:  All right.  Well, then I would suggest
3  that you motion it up in front of him as an emergency
4  situation so you can get on as soon as possible.
5              MS. TEMPLE:  We will.
6              THE COURT:  Because I am adamant about the, the end.
7  This will come to an end.  All right.  All right.  So --
8              MS. TEMPLE:  So we should --
9              THE COURT:  Do you understand my phone?
10             MR. HALEY:  Yes, we do, Your Honor.
11             THE COURT:  All right.
12             MS. TEMPLE:  So, Judge, we should notice before Judge
13 Cole as quickly as possible to limit the additional
14 discovery --
15             THE COURT:  Yes.
16             MS. TEMPLE:  -- to just what's been noticed?
17             THE COURT:  Yes.
18             MS. TEMPLE:  Okay.
19             THE COURT:  I would do that on an emergency.  And you
20 can tell him you're doing it -- you can put in your motion it's
21 at the direction of the Court, of this Court that they had this
22 matter -- deal with it in front of you.  It doesn't sound like
23 an unreasonable request, but the Court also doesn't have all
24 the facts in front me.  All right.
25             MS. TEMPLE:  So we were going to file the objection

1  to the recommendation, which is due today.
2          THE COURT:  You can file it.
3          MS. TEMPLE:  All right.
4          THE COURT:  To keep your record straight I guess.
5          MS. TEMPLE:  Okay.  Okay.
6          THE COURT:  I've already told you I reviewed it.
7          MS. TEMPLE:  I understand.
8          THE COURT:  And I thought he went through a thorough
9  process.  But if you want to put it in writing --
10         MS. TEMPLE:  Okay.
11         THE COURT:  -- you can.
12         MS. TEMPLE:  All right.  Thanks, Judge.
13         THE COURT:  All right.  All right.  Anything else
14 from plaintiff.?
15         MR. HALEY:  No, Your Honor.
16         THE COURT:  All right.  Let me do a -- I notice you
17 have many status dates with Judge Cole.  Your next one is
18 February 26th, March 26th.  I'd like to try to sync up with
19 some of those dates to keep you all from coming twice.  The
20 next one I'll have is -- even if it's off of my normal
21 schedule.  April 27th you have one.  April 27th.  Mine will be
22 at 9:00 o'clock.  And that way you'll be able to see him at 10.
23 All right.
24         MS. TEMPLE:  Thanks, Judge.
25         THE COURT:  All right.  Thank you very much.

1                MR. MOSKOWITZ:  Thank you, Your Honor.

2                MR. HALEY:  Thank you, Your Honor.

3                            CERTIFICATE

4           I HEREBY CERTIFY that the foregoing is a true,

5    correct and complete transcript of the proceedings had at the

6    hearing of the aforementioned cause on the day and date hereof.

8    _/s/TRACEY D. McCULLOUGH_                    _February 16, 2015_

9    Official Court Reporter                            Date
     United States District Court
10   Northern District of Illinois
     Eastern Division