IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Ex rel. KENNETH CONNER, | ) | |
| | ) | |
| Plaintiff, | ) | No.  11 CV 4458 |
| | ) | |
| v. | ) | Honorable Judge Sharon Johnson Coleman |
| | ) | |
| PETHINAIDU VELUCHAMY, *et al.*, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS ARUN VELUCHAMY AND ANU VELUCHAMY'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH SERVICE
AND DISMISS**

Defendants, Anu Veluchamy ("Anu") and Arun Veluchamy ("Arun"), by their attorney, Richard F. Linden, submit the following memorandum in support of their motion to quash Plaintiff's purported service of process and to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(5), 4(m) and 41(b).

**I.  NATURE OF THE MOTION**

On June 30, 2011, Plaintiff filed this *qui tam* suit under the False Claims Act. Plaintiff has been granted two extensions to serve the movants with the latest extension occurring on February 13, 2013 giving the Plaintiff until March 15, 2013 to complete service.  To date, Plaintiff has failed to properly serve the Defendants.  As set forth in detail, Plaintiff's purported abode service on Defendants' mother on February 17, 2013

1

was ineffective and should be quashed. Anu and Arun did not reside with their mother on this date.

Almost two years later on February 8, 2015, Plaintiff attempted to serve Anu and Arun by leaving a copy of his Second Amended Complaint with attorneys Chad Schiefelbein and Randall Lending who do not represent them in this case and who were not authorized to accept service. The Court should also quash Plaintiff's purported service on attorneys Schiefelbein and Lending. Plaintiff's counsel has shown a complete lack of diligence and with fact discovery set to close on June 15, 2015, the Court should dismiss Plaintiff's claims pursuant to Rules 12(b)(5) and 41(b) of the Federal Rules of Civil Procedure.

## II. LAW

A motion to dismiss under Rule 12(b)(5) asks the court to determine whether service of process on the defendant was sufficient. *Cardenas v. City of Chicago*, 2010 WL 610621, *2 (N.D.Ill.), *affirmed* 646 F.3d 2001 (7th Cir. 2011). Plaintiff carries the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chicago*, 846 F.3d 1001, 1005 (7th Cir. 2011); *see also*, *Manjarrez v. Georgia-Pacific LLC*, 2012 WL 4017951 at *3 (N.D.Ill.). The court may consider affidavits and other documentary evidence, though the ultimate burden of demonstrating that the plaintiff properly served the defendants rests with the plaintiff. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).

Valid service of process is necessary in order to assert personal jurisdiction over a defendant. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process. *Id*. A defendant may enforce the service of process requirements through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). *Cardenas*, 846 F.3d at 1005.

Unless the plaintiff can demonstrate good cause for being unable to do so, the plaintiff must accomplish service of process within 120 days of filing to avoid possible dismissal of the suit. *Cardenas*, 846 F.3d at 1004; Fed.R.Civ.P. 4(m). If the court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. *Cardenas*, 846 F.3d at 1005; Fed.R.Civ.P. 4(m).

Factors that the court may consider in determining whether dismissal is appropriate include: (1) whether the expiration of a statute of limitations during the pending action would prevent refiling; (2) whether the defendant evaded service; (3) whether the defendant's ability to defend would be prejudiced by an extension; (4) whether the defendant had actual notice of the lawsuit; and, (5) whether the defendant was eventually served. *Cardenas*, 646 F.3d at 1006. Other factors include whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service and whether the plaintiff diligently pursued service during the allotted period.

*Id*. Rule 4(m) does not specify which factors the district court must consider in exercising its discretion. *Cardenas*, 646 F.3d at 1006. "Further, even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their action—or, more accurately, inaction—by dismissing the case." *Id*.

Under Rule 4(e)(2), an individual may be served: (1) "pursuant to the law of the state in which the district court is located, or in which service is effected;" (2) "by delivering a copy of the summons and of the complaint to the individual personally; (3) "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein;" or (4) "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service or process." Fed.R.Civ.P. 4(e)(2); *Bober v. Kovitz, Shifrin, Nesbit*, 2005 WL 2271861, at *1 (N.D.Ill.). In Illinois, an individual may be served:

> (1) By leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

735 ILCS 5/2-203(a).

### III. PLAINTIFF'S PURPORTED SERVICE ON ANU AND ARUN SHOULD BE QUASHED

**A. The Court Should Quash Plaintiff's Purported February 17, 2013 Service on Anu and Arun**

According to Plaintiff, "Defendants Arun Veluchamy and Anu Veluchamy were served with the original complaint [on February 17, 2013] by leaving copies of the summons and complaint at Defendants' dwelling, with Parameswari Veluchamy (the mother of Arun Veluchamy and Anu Veluchamy)." (Plaintiff's Request to Enter Default, ¶4, filed May 18, 2015, Document #243, Page ID #1763).[1] Plaintiff relies on purported proofs of service filed on March 18, 2013 (Document #s59-60).

The declarations of the server, Scott R. Rabin, state that he "[l]eft copies at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." (Document #s59-60, Page ID #s129 & 131). The declarations identify "Mrs. Veluchamy" as the individual with whom copies were left. *Id*. The server's declarations do not list the address where the papers were left or identify Parameswari Veluchamy by name—only "Mrs. Veluchamy". *Id*. No other identifying information is provided in Mr. Rabin's declarations such as the individual's age, height, etc. *Id*. The summonses included with the purported proofs of service list both Arun's and Anu's addresses at 3005 Oakbrook Hill Road, Oakbrook, IL 60523

---

[1] On May 26, 2015 Plaintiff withdrew his motion to request default (Document #247, Page ID #1799).

(Document #s129 & 130, Page ID #s128 & 130).

Plaintiff's purported service on February 17, 2013 was ineffective. First, at no time was Parameswari Veluchamy ("Parameswari") ever served with court papers (including summons or complaint) in this case for Anu and Arun (Declaration of Parameswari Veluchamy, ¶ 6, attached hereto as Exhibit C).

Second, Parameswari was not a member of Anu's or Arun's household on February 17, 2013 so as to constitute proper abode service (Declaration of Anu Veluchamy, ¶ 8; Declaration of Arun Veluchamy, ¶ 8; Declaration of Parameswari Veluchamy, ¶ 5, the Declarations of Anu and Arun are attached hereto as Exhibits A & B respectively). On February 17, 2013, Anu resided alone at 25 East Superior Street, #3902, Chicago, IL (Anu Declaration, ¶ 4) while Arun resided with his wife, Sonia Veluchamy, at 3001 Oak Brook Hills Road, Oak Brook, IL (Arun Declaration, ¶ 4). Parameswari corroborates the fact that she did not reside with Anu or Arun on February 17, 2013 (Parameswari Declaration, ¶ 5).

Moreover, the summonses attached to the purported proofs of service list Arun's and Anu's address at 3005 Oakbrook Hill Road (Document #s59-60, Page ID#s 128 & 130). However, neither Anu, Arun nor Parameswari lived at 3005 Oakbrook Hill Road on February 17, 2013 (Anu Declaration, ¶ 4; Arun Declaration, ¶¶ 4 & 9; Parameswari Declaration, ¶ 4). In fact, Parameswari resided at 2700 Oak Brook Hills Road at the time with her husband.

Finally, Plaintiff subsequent efforts in 2015 to serve Anu and Arun further illustrate that the purported February 17, 2013 service was invalid (*See*, Plaintiff's Request to Enter Default, ¶7, Exhibits C & D, Document #243, Page ID #s 1764, 1774-1785). If service on February 17, 2013, was proper, it makes no sense for the Plaintiff to try and serve Anu and Arun again, rather than move for a default.

There is no question that Plaintiff's purported service on February 17, 2013 was ineffective and should be quashed. Plaintiff failed to accomplish proper abode service. A copy of the summons and complaint were not left at Anu's and Arun's dwelling house or usual place of abode with a person of suitable age residing therein. Accordingly, Plaintiff's purported service on February 17, 2013 on Anu and Arun should be quashed.

  **B.** **The Court Should Quash Plaintiff's Purported February 8, 2015 Service on Attorneys Chad A. Schiefelbein & Randall M. Lending**

On April 16, 2015, Plaintiff filed affidavits from a process server stating that on Sunday February 8, 2015, Arun and Anu were served by leaving a "Summon in a Civil Case/second Amended Complaint under Federal False Claims Act" with Attorneys Chad Schiefelbein and Randall Lending at their personal residences (Document #s 236-237). Plaintiff's purported service on attorneys Schiefelbein and Lending was ineffective. At no time did Anu or Arun ever authorize Randall Lending or Chad Schiefelbein, or any other attorney, to accept service on their behalf in this case (Declaration of Arun, ¶ 7; Declaration of Anu, ¶ 7; Declaration of Chad Schiefelbein, ¶¶

7

7-8; Declaration of Randall Lending, ¶¶ 7-8) (the Declarations of C. Schiefelbein and R. Lending are attached hereto as Exhibits D & E respectively).

Chad Schiefelbein and Randall Lending each testify that they have never had the authority or have been authorized to accept service on behalf of Arun and Anu in this case (Declaration of C. Schiefelbein, ¶¶ 7-8; Declaration of R. Lending, ¶¶ 7-8). At no time did these individuals agree to accept service on behalf of Anu and Arun in this case. *Id*. at ¶¶ 7-8. Randall Lending and Chad Schiefelbein have never represented Arun and Anu in this case. *Id*. ¶ 5.

Chad Schiefelbein and Randall Lending are attorneys with the law firm of Vedder Price and represent Anu and Arun in the case entitled *FDIC v. Mahajan, et al.*, Case No. 11-cv-7590 ("FDIC Case") (Declaration of C. Schiefelbein, ¶¶ 3-4; Declaration of R. Lending, ¶¶ 3-4). The FDIC Case is an entirely separate proceeding. *Id*. at ¶ 6.

Chad Schiefelbein's declaration details the circumstances of Plaintiff's purported service. Shortly before 8 a.m. on Sunday, February 8, 2015, a process server appeared at Mr. Schiefelbein's home ringing his door bell and telephone for close to 10 minutes waking up and upsetting Mr. Schiefelbein's wife and young daughter. *Id*. at ¶ 10. The individual, who never identified himself, threw a stack of papers over the front gate onto Mr. Schiefelbein's front walk telling him he was "served' with papers for Arun and Anu. *Id*. at ¶¶ 11-12. Mr. Schiefelbein told this person that he was not authorized to accept service. *Id*. at ¶ 12. The papers left consisted of a summons for Anu and a

8

complaint—but no summons for Arun. *Id*. at ¶ 13.

Plaintiff's purported service on attorneys Schiefelbein and Lending is not proper service for Anu and Arun. Service on an attorney is not effective under Federal Rule of Civil Procedure Rule 4(e)(2) unless the attorney has either express or implied authority to receive service on the defendant's behalf. *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971) (service of an attorney who represented the defendant in a pending divorce action and whom the defendant had given broad authority under a power of attorney held improper under Rule 4(d)); *Yhwhnewbn v. County of Cook*, 2003 WL 21939555 (N.D.Ill.).

A party's attorney is not an agent for purposes of service merely because of his status as an attorney. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed.Cir.1997); *C.P. Hall Co. v. Abrams*, 513 B.R. 546, 550 (Bankr.N.D.Ill. 2014). "A party 'cannot fabricate . . . implied authority from whole cloth. . . but must present facts and circumstances establishing it." *Abrams*, 513 B.R. at 552, *quoting Ziegler*, 111 F.3d at 881. There is no basis for the Plaintiff to argue that either Chad Schiefelbein or Randall Lending had the authority—express or implied—to accept service on behalf of Anu or Arun. Hence, Plaintiff's purported February 8, 2015 service on attorneys Schiefelbein and Lending should be quashed.

Moreover, Plaintiff's purported service on Chad Schiefelbein and Randall Lending should be quashed for violating Rule 4(m). On December 17, 2012, the Court extended until February 1, 2013 the time for Plaintiff to complete service (Document

#24). On February 13, 2013, the Court granted Plaintiff's amended motion for an extension until March 15, 2013 to complete service (Document #48). The Plaintiff never moved or received an extension past the March 15, 2013 deadline to complete service. Accordingly, Plaintiff's purported February 8, 2015 service on attorneys Chad Schiefelbein and Randall Lending should be quashed.

### IV. PLAINTIFF'S CLAIMS AGAINST ANU AND ARUN SHOULD BE DISMISSED UNDER RULE 12(b)(5)

The Court should dismiss Plaintiff's claims against Anu and Arun Veluchamy under Rule 12(b)(5). There is no justification for Plaintiff's inordinate delay in failing to serve these Defendants. Fact discovery closes on June 15, 2015 and expert discovery is scheduled to close on September 14, 2015 (Minute entry of May 18, 2015, Document #241). Plaintiff's expert report is due July 15, 2015 with Defendants' report due August 14, 2015. *Id*. Without an extension of fact discovery and expert discovery deadlines (and being afforded an opportunity to answer or otherwise plead to Plaintiff's Second Amended Complaint), Anu and Arun will be severely prejudiced with anything less than a dismissal.

Plaintiff has not moved for an extension since the extension giving him until March 15, 2013 to effectuate service (Document #48). Plaintiff cannot establish good cause for his failure to timely serve Anu and Arun within the 120 days provided under Rule 4(m) and within the previous extensions granted by the Court in 2012/13. "[A] plaintiff's attempts at service need to be '[a]t the very least ... accompanied by some

10

showing of reasonable diligence' before good cause must be found." *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir.1993) (quoting *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir.1992)).

In the absence of a showing of good cause, the decision to extend the time to serve Anu and Arun rests in the Court's discretion. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). The Court should exercise its discretion and dismiss Plaintiff's claims under Rule 12(b)(5).

The Plaintiff in this case has done nothing to warrant the Court providing yet another extension for the Plaintiff to serve Anu and Arun. If the Plaintiff truly thought service was proper, the prudent course of action would have been for the Plaintiff to file a motion for default years ago. The fact that the Plaintiff made efforts in December 2014 and January 2015 to serve these Defendants demonstrates that the Plaintiff knew or at the very least had reason to know that service was defective (see, Plaintiff withdrawn Request for Default, Document #242).

A Joint Status Report filed with the Court on February 5, 2014, states:

> Relator has filed returns of service for defendants Arun and Anu Veluchamy, the children of Pethinadu and former directors of the bank. Relator intends shortly to file a motion for default judgment. **Counsel for the officer-employee defendants do not believe that Arun and Anu Veluchamy were properly served.**

(Joint Status Report, Document #114, Page ID#557).

There can be no dispute that at least as early as February 5, 2014, the Plaintiff

11

knew that there were questions about the validity of the purported February 17, 2013 abode service, yet the Plaintiff did nothing to effectuate proper service. Any prudent attorney would have promptly moved for the entry for a default or tried to demonstrate good cause for an extension of time to effectuate service. Plaintiff waited more than one year from the filing of the Joint Status Report until May 18, 2015 to file a request to enter default which was subsequently withdrawn on May 26, 2015 (Document #247). Further, Plaintiff's counsel should have be altered in 2013 about issues with service based on the server's declarations that he served "Mrs. Veluchamy" (no first name provided) and based on the scant information provided in the declarations (Documents #s59-60).

Furthermore, Anu and Arun were not evading service (Declaration of Anu Veluchamy, ¶ 9; Declaration of Arun Veluchamy, ¶ 10). In fact, Anu lists six instances from 2011 through January 2015 where she was served with process in other lawsuits (Declaration of Anu, ¶ 9). Whereas, Arun lists seven instances from 2009 through January 2015 where he was served with process (Declaration of Arun, ¶ 10).

Attached to Plaintiff's withdrawn request to enter default is an affidavit from an employee of a detective agency attesting that "[a]n inquiry to discover the name and residence of Anu Veluchamy was performed **1/7/2015**" (emphasis added) and that the current residence of Anu is unknown to the affiant (Page ID#1775). However, the affidavit lists each of Anu's last two addresses (25 East Superior and 500 West Superior) (Page ID#1776). An affidavit was filed with respect to Arun stating that a similar

12

inquiry was performed on **January 7, 2015** (Page ID#1781). This affidavit lists Arun's current address at 3001 Oak Brook Hills Road (Page ID#1782). It is inexcusable why the Plaintiff would wait until 2015 to perform a skip trace on the Defendants.

The Court should afford no weight or consideration to Plaintiff's purported attempts to serve Anu and Arun in December 2014 and January 2015 (Page ID#s 1777-79 & 1783-85). Service within the 120 day period had long expired under Rule 12(m) and the March 15, 2013 extension to serve the Defendants had long passed. Plaintiff did absolutely nothing to serve Anu and Arun between March 2013 and December 2014.

There is no legitimate reason to allow Plaintiff's counsel more time to accomplish what he should have done years ago. *See*, *Cardenas*, 2010 WL 610621; *Brock v. Garza*, 1993 WL 462852, at *5 (N.D.Ill.) ("It is not the role of this court to constantly overlook or forgive the repeated errors and oversights of counsel."); *Banks v. Kale*, 2014 WL 4054166, at *2 (S.Dist.Ill.) (the court in refusing to grant plaintiff an extension to serve the defendant placed heavy emphasis on the fact that the plaintiff did not ask the court for an extension of time and that he failed to diligently pursue service by making no attempt to serve the defendant over the last seven months even though the plaintiff was *pro se*.

This case was filed on June 30, 2011 and the amended complaint was unsealed on August 17, 2012 (Document #15). To date, Anu and Arun have not been properly served with process. There is no justifiable excuse for the Plaintiff's lack of diligence in

13

serving these Defendants. Anu and Arun would be severely prejudiced unless Plaintiff's claims are dismissed.

### V. A DISMISSAL UNDER RULE 41(b) FOR WANT OF PROSECUTION IS WARRANTED

Not only is dismissal under Rule 12(b)(5) appropriate, Plaintiff's claims against Anu and Arun should also be dismissed for a want of prosecution under Rule 41(b). Under certain circumstances, a plaintiff's dereliction in not obtaining service may lead beyond Rule 4 and head off into territory covered by Rule 41(b). *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000). "'If the delay [in obtaining service] has been so long that it signifies failure to prosecute-or if the delay entails disobedience to an order of the court-then dismissal may be with prejudice under Rule 41(b), which covers 'failure of the plaintiff to prosecute or to comply with these rules or any order of court.'" *O'Rourke Bros, Inc.*, 201 F.3d at 953, *quoting*, *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989). When a court has "been indulgent and has allowed the plaintiff time beyond the 120 days, a dismissal with prejudice would not be unfair to the plaintiff." *O'Rourke Bros, Inc.*, 201 F.3d at 953. Once an extension of time has been granted, the reasons for favoring a Rule 4(j) dismissal over a Rule 41(b) dismissal with prejudice no longer are valid. *Id*.

In this case, a dismissal under Rule 41(b) is appropriate given Plaintiff's egregious failure to effectuate service on Anu and Arun. *See*, discussion *supra*. Plaintiff's failure to effectuate service in a 2011 case has gone well beyond Rule 4 and

14

warrants a dismissal with prejudice under Rule 41(b).

WHEREFORE, Defendants Anu Veluchamy and Arun Veluchamy request that this Honorable Court: (1) quash Plaintiff's purported February 17, 2013 service; (2) quash Plaintiff's purported February 8, 2015 service on the Defendants by serving attorneys Chad Schiefelbein and Randall Lending; (3) dismiss Plaintiff's claims against Anu and Arun pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure; (4) dismiss with prejudice Plaintiff's claims against Anu and Arun under Rule 41(b) of the Federal Rules of Civil Procedure; and grant them any other relief the Court deems just. In the event the Court finds that the Defendants were properly served, Defendants Anu Veluchamy and Arun Veluchamy request twenty-one days to answer or otherwise plead to Plaintiff's Second Amended Complaint.

                        ANU VELUCHAMY and ARUN VELUCHAMY

                        By: _____s/Richard F. Linden_____
                             Their attorney

Richard F. Linden (ARDC #6200387)
Law Offices of Richard Linden
17 North Wabash, Suite 400
Chicago, Illinois 60602
312/590-0211