IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. )<br>KENNETH CONNER, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>PETHINAIDU VELUCHAMY, et al., )<br> )<br>    Defendants. )<br> ) | Case No. 11-CV-4458<br><br>Hon. Sharon Johnson Coleman |

**MOTION TO DETERMINE THE RELATOR'S SHARE OF
THE GOVERNMENT'S ALTERNATE REMEDY**

The United States of America (the "<u>Government</u>"), ex rel. Kenneth J. Conner (the "<u>Plaintiff</u>" or the "<u>Relator</u>"), by and through the Relator's counsel, hereby files this motion (the "<u>Motion</u>") to determine the Relator's share of any amounts recovered by the Government in *Federal Deposit Insurance Corporation v. Pethinadisu Veluchamy, et al.*, Case No. 11-7590 (N.D. Ill.) (Kendall, J.) (the "<u>FDIC Lawsuit</u>" or the "<u>Alternate Remedy</u>") pursuant to 31 U.S.C. §§3730(c)(5), (d)(1). In further support of the Motion, the Relator states as follows:

    1.    As an incentive to come forward with evidence of fraud against the United States of America, the False Claims Act ("<u>FCA</u>") mandates an award of between 15% and 25% of any amount recovered by the Government when it choses not to intervene in the action brought by the relator and chooses instead to pursue any alternate remedy. 11 U.S.C. §§3730(c)(5), (d)(1).

    2.    On June 30, 2011, the Relator filed a complaint on behalf of the Government pursuant to the FCA (the "<u>Qui Tam Complaint</u>") in the District Court for the

Northern District of Illinois. The *Qui Tam* Complaint disclosed and alleged the fraudulent conduct of the former directors and officers of Mutual Bank of Harvey, Illinois (the "Defendants") that led to its ultimate failure, and to the appointment of the FDIC, as receiver.

3. The Government declined to intervene in this case.

4. In ruling on a motion to dismiss filed on behalf of the Defendants, this Court held that the Relator was an "original source" of the information alleged in the *Qui Tam* Complaint.

5. On October 25, 2011, after reviewing the *Qui Tam* Complaint and interviewing the Relator, the FDIC, an agency of the United States, filed an action in the District Court of the Northern District of Illinois (the "Alternate Remedy") naming nearly all of the same defendants (the "Common Defendants"), but based primarily on a fraud theory based in negligence, as opposed to a the intentional fraud theory alleged in the *Qui Tam* Complaint.

6. After the Government filed the Alternate Remedy, the Relator continued to assist the Government by providing a list of potential witnesses, identifying the relevant areas those witnesses would have material testimony, providing additional documents that had been requested by the Government prior to the filing of the Alternate Remedy, and sitting for two depositions.

7. If this Motion is granted and the Government resolves the Alternate Remedy effectively settling its claims against the Common Defendants, the Relator will voluntarily dismiss with prejudice the Common Defendants from this case.

8. The *Qui Tam* Action was filed prior to the Alternate Remedy. The Government did not intervene in this case and instead pursued the Alternate Remedy. The Relator was an original source of the information set forth in the *Qui Tam* Complaint, and there are no allegations that he participated in the fraudulent scheme that caused the Government's loss. Therefore, the FCA mandates that the Relator shall receive a share of any proceeds from the Alternate Remedy in an amount to be determined by this Court.

WHEREFORE, the Relator requests entry of an order (i) determining that the Relator is entitled to a share of any proceeds from the Alternate Remedy equal to between 15% and 25% of any such recovery, (ii) awarding the Relator's reasonable costs, expenses, and attorneys fees against the defendants named in the Alternate Remedy, (iii) dismissing the Common Defendants named in this case who are also named as defendants in the Alternate Remedy, and (iv) granting such other and further relief as the Court deems appropriate under the circumstances.

UNITED STATES, EX REL KENNETH CONNER,

By: /s/ Patrick M. Jones
      Attorney for Kenneth J. Conner

Patrick M. Jones, IL ARDC #6271256
PMJ PLLC
900 South Clark Street, Suite 2101
Chicago, Illinois 60605
Tel: (312) 255-7976
Cell: (312) 404-3225
pmj@patjonesPLLC.com

2

## **CERTIFICATE OF SERVICE**

      I, Patrick M. Jones, an attorney, certify that on August 4, 2015, the foregoing document was served on all CM/ECF registrants of record in this action using the CM/ECF system.

                                                   /s/ Patrick M. Jones
                                                   Attorney for Kenneth J. Conner

Patrick M. Jones, IL ARDC #6271256
PMJ PLLC
900 South Clark Street, Suite 2101
Chicago, Illinois 60605
Tel: (312) 255-7976
Cell: (312) 404-3225
pmj@patjonesPLLC.com