# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex. rel. KENNETH CONNER, | )<br>)<br>) Case No. 11-CV-4458 |
| Plaintiff, | )<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| PEYHINAIDU VELUCHAMY, et al. | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Conner ("Conner") filed a complaint in 2011 against numerous defendants, including Anu Veluchamy ("Anu") and Arun Veluchamy ("Arun"), alleging violations of the False Claims Act. Anu and Arun now move to quash service of process and to dismiss Conner's claims against them. For the reasons set forth herein, Anu and Arun's motion [255] is granted.

**Background**

The complaint in this action was filed on June 30, 2011. (Dkt. 1). Summons for Anu and Arun were issued on January 15, 2013, and were returned timely executed on March 18th. (Dkt. 59, 60). Both summonses gave the applicable defendant's address as 3005 Oakbrook Hill Road in Oakbrook, Illinois, and contained a signed declaration from the process server stating that the summons and complaint were left at that address with "Mrs. Veluchamy." (*Id.*). Anu and Arun did not subsequently appear in the case. In a February 2014 Joint Status Report, Conner expressed his intent to move for default judgment against Anu and Arun, but acknowledged that "Counsel for the officer/employee defendants do not believe that Arun and Anu Veluchamy were properly served." (Dkt. 114). On February 8, 2015, Conner had a process server deliver a copy of the Second Amended Complaint to Randall Lending and Chad Chiefelbein, attorneys with the law firm Vedder Price, PC who were representing Anu and Arun in a separate proceeding. (Dkt. 236, 237).

1

Defendants subsequently filed the present motion challenging the validity of both attempts at service.

**Legal Standard**

After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). Unless the plaintiff can demonstrate good cause for being unable to do so, she must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit. Fed. R. Civ. P. 4(m). A defendant may enforce this requirement through a pretrial motion to dismiss. Fed. R. Civ. P. 12(b)(5). When a defendant brings a motion under Rule 12(b)(5), it is the plaintiff's burden to demonstrate that effective service occurred. *Cardenas*, 646 F.3d at 1005. A court may accordingly consider evidence introduced by the parties in determining whether proper service occurred. *Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 31369424, at *2 (N.D. Ill. Oct. 18, 2002) (St. Eve, J.). If the district court finds that the plaintiff has not met that burden, the court shall nonetheless "extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to effect proper service. Fed. R. Civ. P. 4(m), *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 339 (7th Cir. 1996). Even absent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted. *Panaras*, 94 F.3d at 339.

**Discussion**

Valid service of process is necessary in order to assert personal jurisdiction over a defendant, even if the defendant has actual notice of the litigation. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Pursuant to Federal Rule of Civil Procedure 4, service may be effected by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each

at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Illinois law allows an individual to be served personally or by "leaving a copy at defendant's usual place of abode, with some person of the family or a person residing there . . . and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode. 735 ILCS 5/2-203(a).

Here, Conner contends that Anu and Arun were served on February 17, 2013 by leaving copies of the summons and complaint at their dwelling at 3005 Oakbrook Hill Road with Aru and Arun's mother, Parameswari Veluchamy ("Parameswari"). Parameswari, however, declares that she did not live at 3005 Oakbrook Hill Road on February 17, 2013 and that she never received service of any court papers for Anu or Arun. (Dkt. 255-5, ¶¶ 4, 6). Conner offers no evidence to the contrary, aside from his process server's declaration that he delivered the summons to "Mrs. Veluchamy" at 3005 Oakbrook Hill Road. If Parameswari did not reside at 3005 Oakbrook Hill Road in February 2013 and did not receive service, then valid service could not have occurred. Moreover, Anu and Arun both declare that they didn't live at 3005 Oakbrook Hill Road in February 2013 and that in February 2013 they did not live in the same household as their mother or each other. (Dkt. 255-3 ¶ 4, Dkt. 255-4 ¶ 4). Conner offers no evidence to contradict this assertion. Accordingly, even if Parameswari did reside at 3005 Oakbrook Hill Road or did receive service, service would still have been improper because neither Anu nor Arun resided there. *Blane v. Young*, 10 F.R.D. 109, 110–111 (N.D. Ohio 1950) (holding that service on the defendant's father was improper where affidavits from the defendant's father and a friend stated that the defendant did not reside at the address where service was made and that it was not his usual place of abode). Accordingly, Conner has failed to meet his burden of showing that service was proper.

Alternatively, Conner contends that he effected service on Anu and Arun on February 8, 2015 by serving attorneys Chad Schiefelbein and Randall Lending at their personal residences. As an initial matter, this service fell well after this Court's March 15, 2013 deadline to complete service in violation of rule 4(m). Moreover, even if it had been timely, this service would not have been valid. Schiefelbein and Lending, both attorneys at the law firm of Vedder Price, represented Aru and Arun in another case, *FDIC v. Mahajan*, No. 11-cv-7590 (N.D. Ill.). Neither attorney was authorized by Anu or Arun to accept service on their behalf in this matter. (Dkts. 255-3, ¶ 7; 255–4, ¶ 7; 255–6, ¶¶ 7-9; 255–7 ¶¶ 7–9). Accordingly, Conner's service on the attorneys was ineffective. Fed. R. Civ. P. 4(e)(2)(C) (requiring delivery to "an agent authorized by appointment"); s*ee also Schultz v. Schultz*, 436 F.2d 635, 637 (7th Cir. 1971) (holding that an attorney had no express or implied authority to accept service, despite holding a power of attorney for the defendant and representing him in another proceeding).

This Court turns to the question of whether Conner has demonstrated good cause shown so as to require an extension of the time to file service. Here, the infirmities that infect each of Conner's attempts at service demonstrate an absence of the reasonable diligence requisite for a finding of good cause. *See Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (quoting *Tso v. Delaney*, 969 F.2d 373, 375 (7th Cir. 1992)) ("[A] plaintiff's attempts at service need be '[a]t the very least . . . accompanied by some showing of reasonable diligence' before good cause must be found."). Although Conner contends that he engaged in "extensive efforts" to serve the defendants by hiring an investigator to locate Anu and Arun's abodes, he did not do so until well after the time for service had passed and he never requested that the time for service be extended. Moreover, this Court notes that although Conner received notice that the defendants were not properly served in the February 2014 Joint Status Report, he made no contemporaneous attempt to verify that the defendants had received service. Accordingly, Conner has not demonstrated good cause shown.

4

A permissive extension of the time for service is not warranted in this case. This case has been ongoing for over two years and discovery has already closed. Anu and Arun would therefore be severely prejudiced if they were forced to join the case at this late date. *See Cardenas*, 646 F.3d at 1006 (recognizing that courts should consider, among other things, "whether the defendant's ability to defend would be prejudiced by an extension"). This Court is aware that Conner will be unable to refile his claims due to the applicable statute of limitations, which ordinarily weighs in favor of an alternative remedy short of dismissal. *Id.* Here, however, Conner's lack of reasonable diligence in serving Anu and Arun and his failure to adequately respond to the February 2014 warning that Anu and Arun might not have been properly served, as well as the advanced nature of this case, make dismissal the only adequate remedy.

**Conclusion**

For the foregoing reasons, Anu and Arun's motion to dismiss [255] is granted and defendants Anu and Arun Veluchamy are dismissed from this case with prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: November 20, 2015