UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex. rel. KENNETH CONNER, | ) ) ) |
| Plaintiff, | ) Case No. 11-CV-4458 ) |
| v. | ) Judge Sharon Johnson Coleman ) ) |
| PEYHINAIDU VELUCHAMY, et al. | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Conner ("Conner") filed a qui tam complaint against former officers and directors of Mutual Bank, Adams Valuation Corporation ("AV Corp."), and Douglass Adams, alleging that they violated the False Claims Act by misrepresenting the quality of Mutual Bank's collateral on certain commercial real estate loans to the FDIC through the use of inflated and inaccurate appraisals. The FDIC, as receiver for Mutual Bank, initiated its own litigation against the former directors, officers, and legal counsel of Mutual Bank soon thereafter. Conner now moves this Court to award him his "relator's share" of the potential settlement in the separate action brought by the FDIC. For the reasons set forth below, Conner's motion [268] is denied.

**Background**

Conner, a former employee of Mutual Bank, filed this suit under seal in 2011, alleging that the defendants had violated the False Claims Act by misrepresenting the quality of Mutual Bank's collateral on commercial real property loans to decrease the bank's deposit insurance rates with the FDIC. (Dkt. 1). Although Conner's lawsuit remained sealed until August 2012, it was served on the United States Attorney for the Northern District of Illinois and the Department of Justice significantly sooner, on October 24, 2011. (Dkts. 9, 15). After the lawsuit was unsealed, the United States declined to intervene. (Dkt. 17).

1

The Federal Deposit Insurance Corporation ("FDIC") was named as the receiver of Mutual Bank on July 31, 2009, after the Illinois Department of Financial and Professional Regulation closed the bank. (Dkt. 282-2, at 1). The FDIC conducted an audit of the Bank's material losses which was made public in a report filed on February 26, 2010. (*Id.*). Among other things, the audit criticized the Bank's officers and Board of Directors for failing to properly oversee and manage the risks associated with the Bank's lending strategy and noted the Bank's poor underwriting and credit-administration practices. (*Id.* at 2, 3).

On October 25, 2011, the FDIC, acting as the receiver of Mutual Bank, filed a lawsuit in this district asserting claims against (1) former directors and officers of the Bank for negligence, gross negligence, and breach of the fiduciary duty of care in approving twelve high-risk loans; (2) former directors of the bank for breaching their fiduciary duties by diverting Bank funds for personal uses; and (3) the bank's general counsel and his law firm for legal malpractice and for aiding and abetting the former directors and officers in breaching their fiduciary duties. *FDIC v. Mahajan*, No. 11-CV-7590, dkt. 1 (N.D. Ill Oct. 25, 2011) (hereinafter referred to as "*Mahajan*").

On January 2, 2015, Conner moved this Court to consolidate *Mahajan* with this qui tam action, arguing that both suits concerned common claims and sought damages recoverable by the United States through the FDIC. (Dkt. 197). Conner withdrew that motion after the FDIC and the defendants in this action had responded to it but before it could be considered by this Court. (Dkts. 216–218, 233).

On June 11, 2015, Conner moved to intervene in *Mahajan* to enforce his interest in the proceeds of that case as the relator under the False Claims Act. *Mahajan,* dkt. 374 (June 11, 2015). The assigned magistrate judge issued a Report and Recommendation ("R&R") on August 7, 2015 denying the motion. *Mahajan,* dkt. 393 (Aug. 7, 2015). In pertinent part, the magistrate judge held that the FDIC, acting as the receiver for Mutual Bank, was not the "government" as that term is

defined by the False Claims Act, and that Conner accordingly was not entitled to a "relator's share" of the proceeds of that action because it was not an alternate remedy being sought by the government in lieu of joining Conner's qui tam action. *Id.* Conner filed no objections, and the Report and Recommendation was subsequently adopted by the district court. *Mahajan,* dkt. 396 (Sept. 9, 2015). On August 4, 2015, Conner filed the present motion.

**Legal Standard**

The False Claims Act (FCA) prohibits any person from knowingly submitting a false or fraudulent claim to the United States for payment or approval or knowingly making any false statement material to such a claim. 31 U.S.C. § 3729(a). The Attorney General may bring actions under the FCA directly in the name of the United States. Alternatively, a private person—known as a "relator"—may bring a qui tam action "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). If such a qui tam action results in a recovery for the government, the relator shares in the award. *See* 31 U.S.C. § 3730(d). In the event that the government does not join the relator's suit, but rather pursues an alternative remedy, the relator has the same rights to recover in that proceeding that they would have had if the United States had joined in the qui tam action. 31 U.S.C. § 3730(c)(5); *see, e.g., United States v. Bisig,* Nos. 100 CV 335 JDTWTL, 101CV0030JDTWTL, IP 02-cr-112-01 T/F, 2005 WL 3532554, at *2 (S.D. Ind. Dec. 21, 2005) (holding that a criminal forfeiture proceeding constituted an "alternate recovery" from which the relator could recover); *United States ex rel. Barajas v. United States*, 258 F.3d 1004, 1012 (9th Cir. 2001) (holding that administrative proceedings resulting in a settlement constituted an "alternative remedy").

**Discussion**

The FDIC contends that Conner's motion effectively asks this Court to reconsider the *Mahajan* court's denial of Conner's Motion to Intervene. The doctrine of issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court

3

determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Issue preclusion applies where (1) the issue sought to be precluded is the same as that involved in the prior litigation, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment, and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994).

Although an order denying intervention is not final with respect to all parties and all claims, the order is final with respect to the proposed intervenor so long as it definitively rules on the party's participation in the litigation before the district court. *United States v. City of Milwaukee*, 144 F.3d 524, 528 (7th Cir. 1998). This is because the proposed intervenor, having been denied the status of a party, would never be able to appeal in the underlying action unless the order denying intervention was first reversed. *Williams v. Katz*, 23 F.3d 190, 191 (7th Cir. 1994). Accordingly, the *Mahajan* court's ruling denying Conner's Motion to Intervene is a valid and final judgment with respect to Conner.

Conner's motion to intervene in *Mahajan* was based on his right to a share of the FDIC's recovery. *Mahajan,* dkt. 374 (June 11, 2015). The FDIC's response to Conner's motion argued, in part, that the FDIC "is not 'the Government' under Section 3730 of the FCA, but rather a receiver acting independently on Mutual Bank's behalf," and Conner addressed this argument in his reply brief. *Mahajan,* dkt. 383 (June 24, 2015), dkt. 385 (July 9, 2015).

The magistrate judge's R&R, which was subsequently adopted without objection by the District Court, held in pertinent part that Conner did not have a legally protectable interest in any settlement money that the FDIC recovered in that action because the FDIC did not constitute the "government" as contemplated by § 3730 of the False Claims Act. *Mahajan,* dkt. 392 (Aug. 7, 2015),

4

dkt. 396 (Sept. 9, 2015). Therefore the magistrate judge effectively held that (1) *Mahajan* was not an alternative remedy to this action and (2) Conner was not entitled to a share of the proceeds in *Mahajan*. Because Conner did not object to the magistrate judge's R&R, he waived his right to appeal the district court's adoption of that ruling. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011). That ruling accordingly constitutes a final judgment with preclusive effect. *City of Milwaukee*, 144 F.3d at 528. This Court therefore holds that Conner is precluded from relitigating the questions of whether *Mahajan* is an alternative remedy to this action and whether he is entitled to a share of the FDIC's recovery in that action.

For the foregoing reasons, Conner's motion to determine the relator's share of the government's alternate remedy [268] is denied.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: November 30, 2015