# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel* KENNETH CONNER, | ) ) ) ) ) ) ) ) ) ) ) | 
| Plaintiffs, | Case No. 11-cv-4458 |
| v. | Judge Sharon Johnson Coleman |
| PETHINAIDU VELCHAMY, et al. | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Conner brought this qui tam action against the former officers and directors of Mutual Bank, among others, alleging that they violated the False Claims Act by misrepresenting the quality of Mutual Bank's collateral on certain commercial real estate loans to the FDIC through the use of inflated property appraisals. The remaining defendants—Richard Barth, John Benik, Amrish Mahajan, James Murphy, Thomas Pachocha, and James Regas—all of whom are former officers or directors of Mutual Bank, move for summary judgment on Conner's claims. For the reasons set forth herein, that motion is granted.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be

evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. "A party that does not bear the burden of persuasion may move for summary judgment by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013), quoting *Celotex Corp.*, 477 U.S. at 325.

The False Claims Act makes it unlawful to knowingly "use a false record or statement to conceal or decrease an obligation to pay money to the United States." 31 U.S.C. § 3729(a)(7). To establish civil liability under the False Claims Act, a relator must prove (1) that the defendant made a statement in order to receive money from the government; (2) that the statement was false; and (3) that the defendant knew the statement was false." *United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 822 (7th Cir. 2011).

Conner, in his second amended complaint, alleges that the defendants knew that their primary appraiser, Adam's Valuation Corporation, was inflating its property appraisals and that, knowing that these appraisals were false, the defendants incorporated them into required reports submitted to the FDIC. These inflated reports, Conner alleges, reduced Mutual Bank's deposit insurance obligations, thereby benefiting Mutual Bank and increasing the FDIC's liability when Mutual Bank failed.

In order for Conner to succeed on these allegations he must prove, at a minimum, that Mutual Bank submitted false reports to the FDIC. Because Conner alleges that Mutual Bank's reports were false because they relied on inflated appraisals, he therefore must be able to prove that Mutual Bank received inflated appraisals which were subsequently reported to the FDIC. Here, however, Conner has provided no evidence, aside from his own unelaborated testimony that he believed certain appraisals to be inflated, to establish the existence of any inflated or false appraisals.

2

*Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir. 1994) ("Statements of 'beliefs' or 'opinions' are insufficient to create a genuine dispute of material fact.").

Appraisals are subjective opinions of value. In order to establish that an appraisal has been fraudulently inflated, the evidence must show that the purportedly inflated appraisal is not merely an independent opinion of value "within the margin of error." *See* J. Kevin Murray, *Issues in Appraisal Regulation: The Cracks in the Foundation of the Mortgage Lending Process*, 43 Loy. L.A. L. Rev. 1301, 1318 (2010). A plaintiff alleging that an appraisal has been inflated therefore must demonstrate objective flaws in the appraisal by identifying defects in the information considered or the methodology employed by the appraisal. *Hearns v. Parisi*, 548 F. Supp. 2d 132, 138 (M.D. Pa. 2008); *see e.g. Thomas Consol Indus., Inc. v. Koster Group, Inc.*, No. 00 C 1838, 2002 WL 31049836, at *2 (N.D. Ill. Sept. 13, 2002) (Gettleman, J.) (recognizing that a possible expert's opinion that he did not agree with an appraisal did not create a dispute of material fact where the expert gave no analysis as to how he reached his conflicting appraisal value and presented no evidence demonstrating that the challenged appraisal was improperly prepared).

Here, Conner has provided evidence establishing that he believed that Mutual Bank was receiving inflated appraisals and that he informed at least some of the defendants of that opinion. He has also identified numerous appraisals that he believed were inflated, based on his general assessment of what the actual appraisal value should have been. Conner, however, has provided no evidence to support those conclusory opinions. *See Cleveland v. Porca Co.,* 38 F.3d 289, 295 (7th Cir. 1994) (recognizing that "opinions" and "beliefs" are insufficient to create a genuine dispute of material fact). Conner has not provided this Court with the underlying appraisals that he contends have been inflated. He has not offered any objective evidence of what the proper appraisal value of the allegedly overvalued properties should have been. And, most importantly, he has not identified any methodological or informational errors in the challenged appraisals demonstrating that they are

3

objectively incorrect. Indeed, even where Conner has identified subsequent appraisals that conflict with the allegedly inflated appraisal, Conner has made no showing that the initial appraisal was improperly arrived at. Accordingly, Conner has not presented evidence sufficient to create a dispute of material fact as to whether Mutual Bank received inflated appraisals.

This Court is not persuaded otherwise by the OIG Report and the Report of Conner's expert Richard W. George, neither of which suggest the existence of any specific inflated appraisals. Although the OIG Report acknowledged that one of the many factors leading to Mutual Bank's collapse was an appraisal review process that "needed strengthening" and noted "concerns with the appraisal company most commonly used by the bank, including the company's questionable support for comparable, capitalization rates, and final values," it did not conclude that Mutual Bank had received inflated appraisals or identify any specific appraisals that had been inflated. George's report, although highly informative in a general sense, contained no conclusions relevant to the question of whether Mutual Bank received any inflated appraisals or reported any specific inflated appraisals to the FDIC.

Because Conner has not introduced any evidence establishing that Mutual Bank received inflated appraisals, the undisputed material facts do not support his claim under the False Claims Act. This Court therefore grants the defendants' motion for summary judgment.

IT IS SO ORDERED.

Date: June 7, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4